IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD STRAHAN,

    Plaintiff,

v.

SUSAN LEA, et al.,

    Defendants.

No. C 06-01680 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is defendants' motion to dismiss this action. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for August 4, 2006. Because Strahan has indicated he is unavailable, the Court also VACATES the case management conference scheduled for August 4, 2006. Having carefully considered the papers submitted, and for good cause appearing, the Court DENIES defendants' motion.[1]

## BACKGROUND

In 2002, plaintiff Richard Strahan enrolled as a graduate student in the Department of Physics and Astronomy at San Francisco State University ("SFSU").[2] Over the next few years, plaintiff took a small number of classes and audited others, maintaining a 3.8 grade point average. In January 2006,

---

[1] Plaintiff's motion to reschedule the hearing is DISMISSED as moot.

[2] Because this is a motion to dismiss, the facts in the complaint are taken as true. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) ("On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor.").

however, when he attempted to register for classes, plaintiff was told that he was being "declassified" from the Physics Department and was no longer a student at SFSU.

Plaintiff filed this action on March 3, 2006, claiming that his declassification from the Physics Department violated his constitutional rights. Specifically, plaintiff claims that his declassification was orchestrated by defendants Susan Lea, graduate advisor to all graduate students in the Physics Department, and Anne Hallum, Dean of the Graduate Studies Division of SFSU. According to plaintiff, Lea requested that Hallum declassify him from the Physics Department because she "has come to hate Strahan personally." Compl., ¶ 18.

Plaintiff maintains that Lea's "self-maintained vendetta" against him is the result of his criticism of Physics Department policies. Specifically,

> In 2002, . . . Strahan sent out a series of emails . . . express[ing] Strahan's critical opinion on the current activities of the Physics Department's Physics and Astromony Club ("PAC"). Strahan opposed PAC donating student funds to outside political groups and to award its officers grants of cash as "scholarships." Defendant Lea became outraged by these criticisms. She threated Strahan with immediate expulsion if he ever criticized the PAC again or did anything else.

Compl., ¶ 5.

In their motion to dismiss, defendants paint a different picture of the reason for plaintiff's declassification. Defendants maintain that plaintiff was originally admitted to the graduate physics program in 1986, and was declassified for having completed only two classes, representing six of the 30 credits required for his degree, in the intervening 20 years. Defendants also maintain that plaintiff "had refused to take a required departmental placement exam despite being given seven opportunities to do so." Def. Mot. at 7. Finally, defendants also point to plaintiff's disruptive behavior and his "threatening behavior towards other students." *Id.* at 6.

Because defendants disagree with plaintiff's description of the reason for his declassification from the Physics Department, they have moved to dismiss. At this stage of the proceedings, however, the Court is bound to accept the allegations in plaintiff's complaint as true. It must therefore deny defendants' motion.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Id.* Even if the face of the complaint suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005).

**DISCUSSION**

Plaintiff's complaint contains two causes of action, both brought under 42 U.S.C. § 1983 for violation of his federal constitutional rights. First, plaintiff claims that his declassification from the Physics Department violated his First Amendment right to engage in protected speech. Second, plaintiff claims that his declassification violated his Fourteenth Amendment rights – both his due process right to be free from arbitrary government treatment and his right to equal treatment under the law. Defendants move to dismiss both of plaintiff's causes of action.[3]

**I. Violation of First Amendment Rights**

Plaintiff's first cause of action alleges that defendants removed him from the Physics Department to retaliate against him for engaging in protected speech, in violation of his First Amendment rights. "To establish a First Amendment retaliation claim in the student speech context, a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill

---

[3] Defendants move to dismiss only on the factual grounds discussed below and do not raise any legal challenges to the sufficiency of plaintiff's claims. Specifically, defendants do not raise any qualified immunity defense in their motion. "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotation marks omitted). A motion for qualified immunity should be made "early in the proceedings, so that the costs and expenses of trial are avoided." *Id.* Here, it appears that the qualified immunity applies to the defendants. *See Brown v. Li*, 308 F.3d 939 (9th Cir. 2002).

3

a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 446 F.3d 964, 978 (9th Cir. 2006). Defendants contend that plaintiff cannot show that his speech was a "substantial or motivating factor" in defendants' decision to remove him from the Physics Department because plaintiff was actually removed for "academic inactivity."

At this stage of the proceedings, the Court cannot accept defendants' argument. To do so, the Court would be required to accept defendants' version of the facts, which would be wholly inappropriate on a motion to dismiss. *See Doe*, 419 F.3d at 1062. Plaintiff's complaint adequately alleges that he was removed from the Physics Department because he criticized the use of student funds for political purposes. This is sufficient to state a First Amendment retaliation claim. If defendants wish to rely on the factual allegations they make in their motion, they must do so at a later stage of the proceedings.

## II. Violation of Fourteenth Amendment Rights

Plaintiff's second cause of action alleges that defendants "unlawfully blocked Strahan from further registering for classes at SFSU despite his 3.0 GPA simply as an act of personal revenge . . . against him because they believe him to be an offense and threat to their strictly personal vested interests." Compl., ¶ 25. He alleges that this conduct violated both procedural due process and principles of equal protection.[4]

### A. Due Process

"To establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006). Defendants

---

[4]Although Strahan only generally refers to the Due Process Clause, and does not specifically state that his procedural due process rights were violated, the Court interprets his complaint as alleging a violation of his procedural due process rights because it is extremely skeptical that Strahan can state a claim for violation of his substantive due process rights. *See, e.g.*, *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) ("To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest that is deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted).

4

argue that plaintiff cannot state a claim for violation of his procedural due process rights because he did not take advantage of the procedures available to him.[5] Specifically, defendants argue that plaintiff had the ability to challenge the Physics Department's action through established grievance procedures, yet he chose not to do so.

Defendants have failed to provide the Court with any evidence of the grievance procedures they refer to in their brief, nor have they requested that the Court take judicial notice of the SFSU policy they refer to.[6] Accordingly, the Court must deny defendants' motion as to plaintiff's due process claim.

### B. Equal Protection

Plaintiff's complaint also alleges that he was treated differently than other graduate students at SFSU, in violation of his equal protection rights. To state a claim for violation of one's equal protection rights, a plaintiff must allege that he was treated differently from others similarly situated, and that there was no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 1074 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").

While plaintiff does not use the phrase "rational basis," his complaint adequately alleges an equal protection violation. That defendants' actions were without a rational basis is implied by plaintiff's allegation that defendants acted to block him from registering for classes based on nothing but ill will. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim under the Equal Protection Clause.

---

[5] Defendants do not challenge the characterization of plaintiff's student status as a constitutionally protected property interest, although it is unclear whether it would qualify as such. *See, e.g., Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 98 (1978) (declining to reach question); *Brown v. Li*, 308 F.3d 939, 954-55 (9th Cir. 2002).

[6] It appears that it would be proper for the Court to notice the SFSU policy. *See* Fed. R. Evid. 201(b). Judicially noticed materials may be considered on a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

5

### III. Sufficiency of Plaintiff's Allegations

Defendants also move to dismiss plaintiff's complaint on the grounds that it contains only generalized and conclusory allegations. *See, e.g.*, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). The Court disagrees with this characterization of plaintiff's complaint. The complaint contains specific allegations of the actions each defendant took to have plaintiff removed from the Physics Department. *See, e.g.*, Compl., ¶ 1, 7, 9, 17, 21. These allegations are more than adequate for plaintiff's complaint to survive defendants' vagueness challenge.

### IV. Plaintiff's Behavior

Finally, the Court is compelled to comment on plaintiff's demeanor in this case. With its latest round of filings, the Attorney General's office has provided the Court with a letter describing a phone conversation with plaintiff in which plaintiff was unnecessarily abusive to defense counsel. This Court's staff has been subjected to similarly belligerent conduct. The Court will not tolerate such behavior. If plaintiff intends to maintain this lawsuit he must treat opposing counsel and this Court with respect.

The Court must also comment on plaintiff's prosecution of this action. Plaintiff filed this case on March 3, 2006, and took no further action until May 19, 2006, when he filed an eleventh-hour motion for a temporary restraining order against defendants. The Court denied the motion and instructed plaintiff to file a properly noticed motion for a preliminary injunction by June 23, 2006. Plaintiff did not file such a motion. In fact, after May 30, 2006, plaintiff filed nothing further with the Court until he filed a motion to reschedule defendants' motion to dismiss on July 31, 2006, four days before that motion was scheduled for hearing. Plaintiff's filing was late despite the fact that defendants' motion was noticed almost two months ago and was scheduled for a date agreed to by plaintiff. Plaintiff's purported reason for wishing to reschedule – that he must "stay in Boston MA through the first two weeks in August" – is flatly contradicted by a document he filed in district court in Massachusetts. That document states that he cannot appear for a hearing on August 3, 2006, because "he has a prior and not revocable commitment as a condition of his employment that requires his presence outside of Massachusetts on that date." Def. Oppo. to Pl. Mot. for Leave to File Late Oppo. (Docket No. 36), Exh. A. Finally,

plaintiff has apparently produced an opposition brief to defendants' motion to dismiss, and has served it on defendants, but the Court has yet to receive it despite the fact that it granted plaintiff's request to participate in the e-filing system. In short, plaintiff's lackadaisical prosecution of this litigation has resulted in virtually no progress on this case, despite the fact that it was filed five months ago. Plaintiff is not an unsophisticated pro se party, but is very familiar with the operation of the federal courts. *See, e.g.*, *Strahan v. Coxe*, 127 F.3d 155 (1st Cir. 1997). He must therefore take care to comply with the local rules, or else his action may be dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons and for good cause shown, DISMISSES plaintiff's motion to reschedule the hearing (Docket No. 37), and DENIES defendants' motion to dismiss (Docket No. 27). The hearing and case management conference scheduled for August 4, 2006, are VACATED.

Defendants' motion is denied at this point for the reasons outlined earlier in this order. However, should defendants' averments of fact be presented to the Court in an admissible fashion in connection with a dispositive motion, the result might differ, both on the merits and as a matter of qualified immunity.

**A case management conference is scheduled for Friday, October 6, 2006 at 2:00 p.m.** Should defendants determine that a dispositive motion is warranted, they may **schedule it for hearing on Friday, October 6, 2006 at 9:00 a.m.** Such a motion would have to be filed no later than September 1, 2006. Opposition papers would be due no later than September 15, 2006. Reply papers would be due no later than September 22, 2006.

**IT IS SO ORDERED.**

Dated: August 3, 2006

SUSAN ILLSTON
United States District Judge

7