IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STRAHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUSAN LEA, et al.,<br><br>　　　　Defendant.　　　　　　　/ | No. C 06-01680 SI<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On January 29, 2007, plaintiff filed the instant application for temporary restraining order ("TRO"). Because plaintiff fails to establish sufficient irreparable injury, the Court DENIES his application for TRO.

**BACKGROUND**

In 2002, plaintiff Richard Strahan enrolled as a graduate student in the Department of Physics and Astronomy at San Francisco State University. Over the next few years, plaintiff took a small number of classes and audited others, maintaining a 3.8 grade point average. In January 2006, however, when he attempted to register for classes, plaintiff was told that he was being "declassified" from the Physics Department and was no longer a student at SFSU.

Plaintiff filed this action on March 3, 2006, claiming that his declassification from the Physics Department violated his constitutional rights. Specifically, plaintiff claims that his declassification was orchestrated by defendants Susan Lea, graduate advisor to all graduate students in the Physics Department, and Anne Hallum, Dean of the Graduate Studies Division of SFSU. According to plaintiff, Lea requested that Hallum declassify him from the Physics Department because she "has come to hate

Strahan personally." Compl. ¶ 18.

Plaintiff contends that Lea's "self-maintained vendetta" against him is the result of his criticism of Physics Department policies. Specifically,

> In 2002, . . . Strahan sent out a series of emails . . . express[ing] Strahan's critical opinion on the current activities of the Physics Department's Physics and Astronomy Club ("PAC"). Strahan opposed PAC donating student funds to outside political groups and to award its officers grants of cash as "scholarships." Defendant Lea became outraged by these criticisms. She threated Strahan with immediate expulsion if he ever criticized the PAC again or did anything else.

Compl. ¶ 5.

Defendants paint a different picture of the reason for plaintiff's declassification. Defendants maintain that plaintiff was originally admitted to the graduate physics program in 1986, and was declassified for having completed only two classes, representing six of the 30 credits required for his degree, in the intervening 20 years. Defendants also maintain that plaintiff had refused to take a required departmental placement exam despite being given seven opportunities to do so. Def. Mot. for Sum. Judg. at 7. Finally, defendants also point to plaintiff's disruptive behavior and his allegedly threatening behavior towards other students. *Id*.

This action has an extensive procedural history, especially given the relatively short amount of time since it was filed. In May 2006, plaintiff filed an application for a temporary restraining order to compel defendants to allow him to register for classes so that he would not get expelled from SFSU. *See* May 24, 2006 Order. Plaintiff's application was denied for lack of imminent injury. *See id*. Plaintiff's subsequent preliminary injunction motion on the same issue was denied for lack of probable success on the merits and an insufficient showing of irreparable harm. *See* October 24, 2006 Order. Defendants' motions for dismissal and summary judgment were also denied. *See id*; *see also* August 3, 2006 Order.

Plaintiff now contends that he is being wrongfully prevented from registering for Physics classes at San Francisco State University ("SFSU") through the school's Open University Program ("OUP"). The OUP allows any member of the public to enroll in any SFSU course with permission of the

instructor.[1] The Chairman of the SFSU Physics Department has informed plaintiff that plaintiff would not be permitted to register for Physics classes through the OUP.[2]

**LEGAL STANDARD**

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). Requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. *See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Under either test, plaintiff must demonstrate that there exists a significant threat of irreparable injury. *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

**DISCUSSION**

The Court presumes that plaintiff makes his claim of irreparable injury in the following statement: "[Plaintiff] is [attempting to register through the OUP] in order to obtain credits for his being awarded a graduate Physics degree at an accredited university." App. for TRO at 1. From this sentence, the Court could infer two possible injuries stemming from plaintiff's inability to register through the

---

[1] The OUP standard for declassified students is even higher: "A declassified student may apply to another graduate program or may apply as a second baccalaureate student. Such students will not be permitted to enroll in courses in the program from which they were declassified unless explicit approval is obtained from the department chair of the program involved." Declaration of Lisa White, Ex. E.

[2] The Court notes that it is questionable whether the issue is ripe for consideration; plaintiff does not appear to have actually attempted to enroll through the OUP.

3

1  OUP program: (1) harm to plaintiff's chances of earning a degree in general, and (2) harm to plaintiff's
2  chances of earning a degree at SFSU.

3  The Court finds that neither of these purported injuries are sufficient to grant a TRO. As to the
4  first, there is no harm at all. Plaintiff need not attend classes at SFSU to obtain credits for a Physics
5  degree in general. Defendants' restrictions do not affect plaintiff's ability to register for Physics classes
6  at any other accredited university.

7  As to the second purported injury, the harm is both speculative and reparable. Currently, plaintiff
8  is not a Physics graduate degree candidate at SFSU.[3] Even if plaintiff is allowed to register for Physics
9  classes through OUP, those classes will be useless towards a degree at SFSU because plaintiff is a
10 "declassified" student. It follows that if plaintiff's TRO fails and he is not allowed to register for a
11 Physics class through OUP, any harm to the completion of his degree at SFSU is contingent upon his
12 winning the underlying lawsuit and gaining readmission. This asserted injury is therefore
13 impermissively speculative. *See Carribean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th
14 Cir. 1988) ("[s]peculative injury does not constitute irreparable injury sufficient to granting a preliminary
15 injunction") (*quoting Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)).

16 Further, if plaintiff wins his lawsuit, his prayer for relief includes an injunction permitting him
17 to enroll at SFSU. Compl. ¶ 13. This will enable plaintiff to register for classes through normal
18 channels, thus repairing any harm done by plaintiff's inability to register now through the OUP. *See*
19 discussion in Oct. 24, 2006 Order.

20 Because plaintiff has failed to demonstrate a significant threat of irreparable injury, the Court
21 DENIES his application for a TRO. (Docket No. 77).

22 **IT IS SO ORDERED.**

24 Dated: February 14, 2007

         SUSAN ILLSTON
         United States District Judge

---

28  [3] Indeed, the underlying lawsuit stems from defendants "declassifying" plaintiff from the Physics department at SFSU.

4